UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: COLGATE-PALMOLIVE SOFTSOAP
ANTIBACTERIAL HAND SOAP MARKETING
AND SALES PRACTICES LITIGATION                                                         MDL No. 2320


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in an action pending in the Southern District of Illinois moves to centralize this litigation in that district. The motion encompasses that action and six others: two in the Southern District of Florida, and one each in the Central District of California, the Northern District of Illinois, the District of New Hampshire, and the District of Nevada, as listed on Schedule A. The Panel has been notified of two additional related actions.[1]

Plaintiffs in five constituent actions support centralization in the Southern District of Illinois, as does plaintiff in a Middle District of Florida potential tag-along action. Plaintiff in the first-filed Central District of California *Nieblas* action, however, opposes centralization. If the Panel orders centralization over her objections, the *Nieblas* plaintiff urges selection of the Central District of California as transferee district. Common defendant Colgate-Palmolive Company (Colgate) supports centralization, but it argues in favor of selection of the Southern District of New York as transferee district.

On the basis of the papers filed and hearing session held, we find that these seven actions involve common questions of fact, and that centralization under Section 1407 in the District of New Hampshire will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The subject actions share factual issues arising from allegations that Colgate's claims about the benefits of using its Softsoap Antibacterial hand soaps are deceptive and misleading, that no reliable clinical studies have shown that Colgate's representations regarding these soaps are true, and that safety concerns have been raised with respect to triclosan, the active ingredient in the soaps. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary.

---

[*] Judge John G. Heyburn II and Judge W. Royal Furgeson, Jr., took no part in the disposition of this matter. Judge Paul J. Barbadoro took no part in the decision to centralize this litigation in the District of New Hampshire.

[1] These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1, and 7.2.

In opposing centralization, the *Nieblas* plaintiff argues that the factual issues in these actions are insufficiently complex. The Panel decisions to which she cites, however, involved both fewer actions and more straightforward issues than those present here. *E.g.*, *In re: Nutella Mktg. & Sales Practices Litig.*, 804 F. Supp. 2d 1374 (J.P.M.L. 2011) (denying centralization of three actions involving factual issues as to whether the defendant had misrepresented its hazelnut spread as healthy and nutritious).

We conclude that the District of New Hampshire is an appropriate transferee district for pretrial proceedings in this litigation. A constituent action is pending in that district, and Judge Paul J. Barbadoro, who previously handled MDL No. 1335, In re: Tyco International, Ltd., Securities, Derivative & "ERISA" Litigation, has the experience to guide this new MDL on a prudent course. Furthermore, MDL No. 2263, In re: Dial Complete Marketing and Sales Practices Litigation, which involves issues that appear similar to those in this docket, is also pending in the District of New Hampshire,[2] and thus our decision here may facilitate coordination between the two dockets.[3]

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Hampshire are transferred to the District of New Hampshire and, with the consent of that court, assigned to the Honorable Paul J. Barbadoro for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

*/s/ Kathryn H. Vratil*
———————————————
Kathryn H. Vratil
Acting Chairman

| | |
|---|---|
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

---

[2] *See In re: Dial Complete Mktg. and Sales Practices Litig.*, 804 F. Supp. 2d 1380 (J.P.M.L. 2011).

[3] We leave determinations regarding the necessity and extent of any such coordination to the two transferee judges. *See In re: Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 657 F. Supp. 2d 1375, 1376 (J.P.M.L. 2009) ("Our decision to centralize these actions in no way dictates or even suggests the particular manner or course of [pretrial] proceedings; consistent with our typical practice, we leave those determinations to the transferee judge.").

**IN RE: COLGATE-PALMOLIVE SOFTSOAP
ANTIBACTERIAL HAND SOAP MARKETING
AND SALES PRACTICES LITIGATION**  MDL No. 2320

## SCHEDULE A

Central District of California

Tracy Nieblas, et al. v. Colgate-Palmolive Company, et al., C.A. No. 8:11-00438

Southern District of Florida

Jeffrey Rosen v. Colgate-Palmolive Company, C.A. No. 0:11-62242
Shari Elstein v. Colgate-Palmolive Company, C.A. No. 9:11-81165

Northern District of Illinois

Kristina Pearson v. Colgate-Palmolive Company, C.A. No. 1:11-06086

Southern District of Illinois

Adam Emery v. Colgate-Palmolive Company, C.A. No. 3:11-00797

District of Nevada

Jeff Dyke v. Colgate-Palmolive Company, C.A. No. 2:11-01750

District of New Hampshire

John Katsigianis v. Colgate-Palmolive Company, C.A. No. 1:11-00427