UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>In Re: Colgate-Palmolive Softsoap Antibacterial Hand Soap
Marketing and Sales Practices Litigation</u> **(MDL NO. 2320)**

MDL DOCKET NO. 12-MD-2320-B
ALL CASES

### CASE MANAGEMENT ORDER NUMBER 1

1.  This order shall govern the practice and procedure in actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to its order of March 7, 2012, including all cases transferred or removed to this court. These actions are listed on Schedule A attached hereto. This order shall also govern both the practice and procedure in any "tag-along" actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Judicial Panel on Multidistrict Litigation's Rules of Procedure, subsequent to the filing of the final transfer order by the clerk of this court and any related actions subsequently filed in this court or otherwise transferred or removed to this court.

2.  The actions governed by this order, described in paragraph 1, are consolidated for pretrial purposes.

3.  Any pleading or document shall be filed electronically; no copies will be necessary. All filings submitted in these actions shall bear the identification of MDL Docket No. 12-md-2320-PB, and when such filing relates to all these actions, the MDL docket number shall be followed only by the notation "ALL CASES." If such filing does not relate to all actions, the individual docket numbers assigned by the clerk of this court (as listed in Schedule A hereto)

shall also be listed on the filing.  For example:

> In Re: Colgate-Palmolive Softsoap Antibacterial
> Hand Soap Marketing and Sales Practices Litigation     MDL Docket No. 12-md-2320-PB
> **ALL CASES**

> -or-

> In Re: Colgate-Palmolive Softsoap Antibacterial
> Hand Soap Marketing and Sales Practices Litigation     MDL Docket No. 12-md-2320-PB
> 12-cv-2321-PB
> 12-cv-2322-PB

The official docket will be 12-md-2320-PB (the MDL case).  All filings will be submitted in this case and "spread" to the applicable underlying civil case.  "Spreading" is where the docket entry created in the MDL matter is automatically added to the applicable underlying civil cases that are selected by the filer during the docketing process.  (See Attachment B for instructions on spreading.)  All "cv" designated cases to which entries are spread are for court record keeping purposes only.  Counsel will cite to only the MDL document number assigned to any entry.  To the extent a filer spreads the docket entry to the wrong civil cases, the Clerk's Office is authorized to delete the incorrectly spread entry without further order of the court.

4.   Any document conventionally filed (i.e. sealed) in any of these actions shall be filed with the clerk of this court and not with the transferor district court.  The address is:  55 Pleasant Street, Room 110, Concord, NH 03301-3941.

5.   Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this court.

6.   No parties to any of these actions shall be required to obtain local counsel in this District and the requirements of Rule 83.2(b) of the Local Rules of this court are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States

Court.

7. Hearings shall not be held on any motions filed except by order of the court upon such notice as the court may direct.

8. If counsel for more than one party plan to file substantially identical pleadings, they shall join in the submission of such pleadings and shall file only one submission on behalf of all so joined.

9. Any orders, including protective orders previously entered by any transferor district courts, shall remain in full force and effect unless modified by this court upon application.

10. All discovery proceedings in these actions are stayed until further order of this court and the time requirements to perform any act or file any pleadings pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled until the initial pretrial conference at which time a discovery schedule will be established.

11. The court will be guided by the <u>Manual for Complex Litigation, Fourth</u>, approved by the Judicial Conference of the United States. Counsel are directed to familiarize themselves with that publication.

12. The court will also be guided by the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. Counsel's attention is specifically directed to Rule 5.1, which like Fed. R. Civ. P. 7.1, requires the filing of a corporate disclosure statement. The defendant has filed a disclosure statement in one or more of the consolidated actions. The defendant need not file duplicate statements in individual cases, but shall file a disclosure statement under the MDL docket number 12-md-2320-PB. The defendant is under a continuing obligation to update the

disclosure statement should any changes occur.

13. Counsel shall familiarize themselves with the Local Rules of this court, as well as its Administrative Procedures for Electronic Case Filing, which are available on the rules page of this court's website.  Counsel who have not previously obtained a CM/ECF login and password from the District of New Hampshire, shall register utilizing this court's online CM/ECF registration form.

14. The case managers responsible for this litigation are Vincent L. Negron (603-226-7733) or his back-up, Maryanne Michaelis (603-225-1478), to whom inquiries shall be made.

15. The court will hold an initial pretrial conference on **April 27, 2012 at 2:00 p.m.** Each party shall have representative counsel physically present at the pretrial hearing.  The parties shall be prepared to discuss the appointment of lead counsel and/or liaison counsel, the development of a discovery plan, and a schedule for filing resolution of class certification motions.

SO ORDERED.

 /s/ Paul Barbadoro
Paul Barbadoro
United States District Court Judge

cc: All Counsel of Record
    Clerk, MDL Panel