# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE: COLGATE-PALMOLIVE SOFTSOAP ANTIBACTERIAL HAND SOAP MARKETING AND SALES PRACTICE LITIGATION | MDL Docket No. 12-md-2320-pb <br><br> ALL CASES <br><br> Judge Paul Barbadoro <br><br> CLASS ACTION |

### PRE-TRIAL ORDER NO. 1 APPOINTING
### INTERIM CASE LEADERSHIP PURSUANT TO FED. R. CIV. P. 23(g)

Upon the motion of all plaintiffs in the actions comprising this multidistrict litigation (collectively, "Plaintiffs") for appointment of interim case leadership pursuant to Fed. R. Civ. P. 23(g)(3), and it appearing to the Court that appointment of interim case leadership is necessary for the efficient prosecution of these actions, it is hereby ORDERED as follows:

**I.  APPOINTMENT AND ORGANIZATION OF PLAINTIFFS' COUNSEL**

   **A.  Appointment of Interim Case Leadership for MDL 2320**

The Court appoints the following Interim Case Leadership for Plaintiffs, pursuant to Fed. R. Civ. P. 23(g)(3) to act on behalf of Plaintiffs in MDL 2320:

   **(i)**  Interim Class Counsel:  Lucy J. Karl;

   **(ii)**  Plaintiffs' Executive Committee:  Richard J. Arsenault, Eric D. Holland, Adam J. Levitt, John A. Peca, and Charles Schaffer; and

   **(iii)**  Plaintiffs' Steering Committee:  Matthew B. Butler, Jordan L. Chaikin, , Laurence D. King, David C. Rash, and James C. Shah.

   **B.  Responsibilities of Interim Class Counsel and Plaintiffs' Executive Committee**

Interim Class Counsel and Plaintiffs' Executive Committee are expected to maintain communications and promote harmonious dealings among all plaintiffs' counsel for their respective actions.  Interim Class Counsel and Plaintiffs' Executive Committee also shall coordinate with each other as required during the course of proceedings.  Interim Class Counsel and Plaintiffs' Executive Committee shall be responsible for and have plenary authority to

provide general supervision of the activities of plaintiffs' counsel in the Consolidated Actions. Specifically, Interim Class Counsel and Plaintiffs' Executive Committee shall have the authority to:

    Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of plaintiffs in the Consolidated Actions on all matters arising during proceedings;

    Coordinate and conduct discovery on behalf of Plaintiffs in the Consolidated Actions consistent with the requirements of Fed. R. Civ. Proc. 26(b)(1), 26(b)(2) and 26(g), including any discovery and scheduling orders that the Court may issue, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

    Host or co-host a common document depository for the plaintiffs and monitor the review of documents to ensure proper performance and non-duplication of effort;

    Coordinate the selection and preparation of expert witnesses for the plaintiffs in the Consolidated Actions;

    Conduct settlement negotiations on behalf of plaintiffs in the Consolidated Actions;

    Delegate specific tasks to other counsel and appoint such informal committees of counsel as necessary to ensure that pretrial preparation for the plaintiffs in the Consolidated Actions is conducted efficiently and effectively;

    Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

    Prepare and distribute periodic status reports for the plaintiffs to the Court and/or the parties;

    Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

Perform such other duties as may be incidental to proper coordination of Plaintiffs' activities or authorized by further order of the Court.

Interim Class Counsel also shall maintain lists of all Plaintiffs' counsel and their respective addresses.

No pleadings or other papers shall be filed or tasks performed by Plaintiffs' counsel in the Consolidated Actions without the advance approval of Interim Class Counsel and Plaintiffs' Executive Committee.  No discovery shall be conducted by Plaintiffs without the advance approval of Interim Class Counsel and Plaintiffs' Executive Committee.  This is intended to prevent duplication of pleadings, discovery, or tasks by Plaintiffs' counsel.  Except as noted in Paragraph 1 (above), all pleadings or other papers filed with the Court on behalf of any Plaintiff shall be filed through Interim Class Counsel.

All Plaintiffs' counsel in the Consolidated Actions shall submit to Interim Class Counsel as appropriate a record of time expended and expenses incurred in the manner, form, and frequency directed by Interim Class Counsel.

**II.   SERVICE OF DOCUMENTS**

The parties will comply with the Electronic Case Filing (ECF) Administrative Policies, Procedures and Local Rules for the District of New Hampshire for all documents submitted for filing before this Court.  Service through ECF shall be deemed sufficient with no additional service required.  For documents to be served but not filed, service on Interim Class Counsel constitutes service on all other Plaintiffs and their counsel in MDL 2320 and service may be made electronically pursuant to Fed. R. Civ. P. 5, written consent of Interim Class Counsel having been obtained.

**III.   COMMUNICATION AMONG COUNSEL**

The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.  Accordingly, the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of attorney client privilege or the attorney-client privilege or the attorney work product immunity.

## IV. MISCELLANEOUS

Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in MDL 2320.

IT IS SO ORDERED.

DATED: May 14, 2012              /s/ Paul Barbadoro
                                 HONORABLE PAUL J. BARBADORO
                                 UNITED STATES DISTRICT COURT JUDGE