UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>**In re: Colgate-Palmolive
Softsoap Antibacterial Hand
Soap Marketing and Sales
Practices Litigation**</u>

Case No. 12-md-2320-PB
All cases
Opinion No. 2013 DNH 049

**O R D E R**

Consumers of Softsoap Antibacterial branded soap ("Softsoap Antibacterial") have filed a consolidated class action complaint against Colgate-Palmolive Company ("Colgate"), the manufacturer of Softsoap Antibacterial.  Plaintiffs allege that Colgate is liable for damages because it induced class members to purchase Softsoap Antibacterial by making false and misleading marketing claims.  They bring consumer protection claims in California, Florida, Illinois, Nevada, and New Jersey; breach of express warranty claims in California, Florida, Illinois, Nevada, New Jersey, and South Carolina; breach of implied warranty claims in California, Florida, Nevada, New Jersey, and South Carolina; and unjust enrichment claims in Florida, Illinois, Nevada, New Jersey, and South Carolina.  Colgate has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenging the sufficiency of the plaintiffs' pleadings on various grounds.

The law I must use to resolve the plaintiffs' claims in this multidistrict litigation will vary depending upon the choice of law rules of each transferor court. In re Volkswagen & Audi Warranty Extension Litig., 692 F.3d 4, 17-18 (1st Cir. 2012). Here, neither party has adequately briefed the law that governs plaintiffs' claims.

For example, the elements of consumer protection claims differ from state to state. In Illinois and Florida, a plaintiff must prove that the defendant intended to induce reliance on a false representation of material fact. Geschke v. Air Force Ass'n, 425 F.3d 337, 345 (7th Cir. 2005); Black Diamond Prop., Inc. v. Haines, 69 So. 3d 1090, 1094-95 (Fla. Dist. Ct. App. 2011). In California, a plaintiff need not demonstrate intent. Bower v. AT&T Mobility, LLC, 196 Cal. App. 4th 1545, 1556 (Cal. Ct. App. 2011). In New Jersey, a plaintiff must prove intent only when the unlawful act is a knowing omission or regulatory violation; if the unlawful act is an affirmative act, intent is not required. Dewey v. Volkswagen AG, 558 F. Supp. 2d 505, 524-25 (D.N.J. 2008); Cox v. Sears Roebuck & Co., 647 A.2d 454, 462 (N.J. 1994).

The elements of breach of express warranty claims also differ from state to state. In Florida, a plaintiff must provide notice of the breach to the seller before bringing suit.

2

See Moss v. Walgreen Co., 765 F. Supp. 2d 1363, 1368 (S.D. Fla. 2011).  Notice is not required in other states.  E.g., Keegan v. Am. Honda Motor Co., Inc., 838 F. Supp. 2d 929, 949 (C.D. Cal. 2012).

    Not only do the elements of the plaintiffs' claims differ from state to state, but state courts also interpret those elements differently.  For example, Colgate argues that its advertising claims are nonactionable puffery that cannot provide the basis of plaintiffs' consumer protection claims.  States have varying standards for determining whether an advertising statement constitutes "puffery."  In California, "puffery" is "[g]eneralized, vague, and unspecified assertions . . . upon which a reasonable consumer could not rely."  In re Ferrero Litig., 794 F. Supp. 2d 1107, 1115 (S.D. Cal. 2011).  In Nevada, statements that constitute "estimates, opinions, or promises of future performance typically are not actionable as fraud."  Baroi v. Platinum Condo. Dev., LLC, No. 2:09-CV-00671-PMP-GWF, 2012 WL 2847919, *2 (D. Nev. July 11, 2012); Hill v. Celebrity Cruises, Inc., No. 09-23815-CIV, 2011 WL 5360629, *7 (S.D. Fla. 2011) (finding representation that cruise ship could "accommodate all guests' medical needs" mere puffery); Lieberson v. Johnson & Johnson Consumer Co., Inc., 865 F. Supp. 2d 529, 540-41 (D.N.J. 2011) (finding that statement on product labels

3

that the product was "clinically proven" to help babies sleep better was not puffery because the claim was not a "vague or highly subjective claim[] of simple superiority").

The state by state differences mentioned here are only the tip of the iceberg. The defendant raises significant questions relating to the sufficiency of plaintiffs' pleadings, but neither party adequately briefed those questions in light of the applicable state law. Accordingly, defendant's motion to dismiss (Doc. No. 26) is denied without prejudice to the extent that it is based on claims that plaintiffs have failed to plead viable causes of action.[1]

The clerk shall set a telephone status conference to discuss how the defendant will be permitted to test the viability of plaintiffs' claims.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

April 2, 2013

cc: Counsel of Record

---

[1] I previously rejected defendants' motion to dismiss based on statute of limitations and primary jurisdiction grounds.

Case 1:12-cv-02321-PB   Document 48   Filed 04/02/13   Page 4 of 4

4